# Exhibit A

This Document Prepared By:
BRANDY MANGALINDAN
CARRINGTON MORTGAGE SERVICES, LLC
CARRINGTON DOCUMENT SERVICES
ANAHEIM, CA 92806
1-866-874-5860

When Recorded Mail To:
CARRINGTON MORTGAGE SERVICES, LLC
C/O LOSS MITIGATION POST CLOSING DEPARTMENT
1600 SOUTH DOUGLASS ROAD, SUITE 200A
ANAHEIM, CA 92806

Tax Map/GPIN #: 083A 9 150
_____ [Space Above This Line for Recording Data] _____

| | |
|---|---|
| Original Principal Amount: $212,377.00 | FHA/VA/RHS Case No: ▓▓▓▓▓ |
| Unpaid Principal Amount: $127,774.79 | Loan No: ▓▓▓▓▓ |
| New Principal Amount: $134,452.56 | |
| New Money (Cap): $6,677.77 | |

# LOAN MODIFICATION AGREEMENT

Tax Exempt per Virginia State Code 58.1-803(D) or 58.1-809
taxes paid at instrument # 120005572

This Loan Modification Agreement ("Agreement"), made this **11TH** day of **MARCH, 2022**, between **CYNTHIA D FORSMAN** ("Borrower"), whose address is **72 LOFTY CIR, STUARTS DRAFT, VIRGINIA 24477** and **WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST F, BY CARRINGTON MORTGAGE SERVICES, LLC AS SERVICER AND ATTORNEY IN FACT** ("Lender"), whose address is **1600 SOUTH DOUGLASS ROAD, SUITE 200A, ANAHEIM, CA 92806** amends and supplements (1) the Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated **JUNE 29, 2012** and recorded on **JUNE 29, 2012** in **INSTRUMENT NO. 120005572, AUGUSTA COUNTY, VIRGINIA**, and (2) the Note, in the original principal amount of

Carrington Custom Loan Modification Agreement ▓▓▓▓▓
Page 1

U.S. **$212,377.00, bearing the same date as,** and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property," located at
**72 LOFTY CIR, STUARTS DRAFT, VIRGINIA 24477**

the real property described is located in **AUGUSTA County, VIRGINIA** and being set forth as follows:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of, **APRIL 1, 2022** the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$134,452.56**, consisting of the amount(s) loaned to Borrower by Lender, plus capitalized interest in the amount of U.S. **$6,677.77** and other amounts capitalized, which is limited to escrows and any legal fees and related foreclosure costs that may have been accrued for work completed.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **3.8750%**, from **APRIL 1, 2022**. The yearly rate of **3.8750%** will remain in effect until principal and interest are paid in full.

    Borrower promises to make the total modified monthly mortgage payment of U.S. **$815.79**, beginning on the **1ST** day of **MAY, 2022,** and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. Borrower's payment consists of payments for principal and interest of U.S. **$632.25**, plus payments for property taxes, hazard insurance, and any other permissible escrow items of US **$183.54**. Borrower understands that the modified monthly mortgage payment is subject to change if there is an increase or decrease in property taxes, insurance, or any other permissible escrow items. The escrow payments may be adjusted periodically in accordance with applicable law and therefore the total monthly payment may change accordingly. If on **APRIL 1, 2052** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in the Borrower is sold or transferred and the Borrower is not a natural person) without the Lender's prior written consent, the Lender may require immediate payment in full of all sums secured by this Security Instrument.

    If the Lender exercises this option, the Lender shall give the Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which the Borrower must pay all sums secured by this Security Instrument. If the Borrower fails to pay these sums prior to the expiration of this period, the Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on the Borrower.

4. The Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever cancelled, null and void, as of the date specified in Paragraph No. 1 above:
    (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and
    (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed

to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. **If the Borrower is currently subject to the protections of any automatic stay in bankruptcy, or have obtained a discharge in bankruptcy proceeding without reaffirming the mortgage loan debt, nothing in this Agreement or any other document executed in connection with this Agreement shall be construed as an attempt by Lender to impose personal liability under the Note and Deed of Trust/Mortgage. In such case, this Agreement is entered into in the ordinary course of business between the Lender and the Borrower in lieu of pursuit of in rem relief to enforce the lien. This Agreement does not revive the Borrower's personal liability under the Note and Deed of Trust/Mortgage, nor is it an attempt to collect, recover or offset any such debt as a personal liability of Borrower under the Note and Deed of Trust/Mortgage.**

6. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

7. Borrower agrees to make and execute other documents or papers as may be necessary to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

8. Borrower agrees that any costs, fees and/or expenses incurred in connection with servicing the loan that may be legally charged to the account, but have not been charged to the account as of the Modification Effective Date, may be charged to the account at a later date and shall be the Borrower's responsibility to pay in full. For example, if the loan is in foreclosure there may be foreclosure fees and costs that have been incurred but not yet assessed to the account as of the date the Modification Effective Date; Borrower will remain liable for any such costs, fees and/or expenses.

9. This Agreement modifies an obligation secured by an existing security instrument recorded in AUGUSTA County, VIRGINIA, upon which all recordation taxes have been paid. As of the date of this Agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $127,774.79. The principal balance secured by the existing security instrument as a result of this Agreement is $134,452.56, which amount represents the excess of the unpaid principal balance of this original obligation.

In Witness Whereof, I have executed this Agreement.

_Cynthia D. Forsman_ (signature)        3/22/22
Borrower: **CYNTHIA D FORSMAN**        Date

_____[Space Below This Line for Acknowledgments]_____

**BORROWER ACKNOWLEDGMENT**

State of **VIRGINIA**

County of _Augusta_

The foregoing instrument was acknowledged before me this _22 March 2022_
(date) by **CYNTHIA D FORSMAN** (name of person acknowledged)

_Rebecca D. Armstrong_ (signature)
Notary Public

Printed Name: _Rebecca D. Armstrong_

My commission expires: _April 30, 2024_

Carrington Custom Loan Modification Agreement

Page 4

In Witness Whereof, the Lender has executed this Agreement.

**WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST F, BY CARRINGTON MORTGAGE SERVICES, LLC AS SERVICER AND ATTORNEY IN FACT**

By: _____  APR 05 2022
Terrence Morley, Director, Loss Mitigation       (print name)                Date
Carrington Mortgage Services, LLC Attorney in Fact
                                                 (title)

_____ [Space Below This Line for Acknowledgments] _____

## LENDER ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of _____ )
County of _____ )   SEE ATTACHED

On _____ before me _____ Notary Public, personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.        SEE ATTACHED

Signature_____        (Seal)
        Signature of Notary Public

# CALIFORNIA ALL-PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

A notary public or other office completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California  }
County of Orange  }

On 04/05/2022 before me, MARK M. CASTILLO NOTARY PUBLIC,
(Here insert name and title of the office)

personally appeared TERRENCE MORLEY ,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public Signature MARK M. CASTILLO

MARK M. CASTILLO
Notary Public - California
Orange County
Commission # 2362365
My Comm. Expires Jun 24, 2025

(Notary Public Seal)

## ADDITIONAL OPTIONAL INFORMATION

**DESCRIPTION OF THE ATTACHED DOCUMENT**

_____
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _____ Document Date _____

**CAPACITY CLAIMED BY THE SIGNER**
- ☐ Individual(s)
- ☐ Corporate Officer
  _____ (Title)
- ☐ Partner(s)
- ☐ Attorney-in-Fact
- ☐ Trustee(s)
- ☐ Other _____

**INSTRUCTIONS FOR COMPLETING THIS FORM**

*This form complies with current California statutes regarding notary wording and, if needed, should be completed and attached to the document. Acknowledgments from other states may be completed for documents being sent to that state so long as the wording does not require the California notary to violate California notary law.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they, is/are) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  ❖ Indicate title or type of attached document, number of pages and date.
  ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document with a staple.

OrderID-454175

2015 Version

# EXHIBIT A

BORROWER(S): CYNTHIA D. FORSMAN

LOAN NUMBER: ███████

LEGAL DESCRIPTION:

The land referred to in this document is situated in the CITY OF STUARTS DRAFT, COUNTY OF AUGUSTA, STATE OF VIRGINIA, and described as follows:

DESIGNATED AS LOT 150 AS SHOWN ON PLAT ENTITLED "SUBDIVISION PLAT FOR OVERLOOK, PHASE 2, RIVERHEADS DISTRICT, AUGUSTA COUNTY, VIRGINIA," MADE BY PAUL D. JULIAN, LAND SURVEYOR, DATED OCTOBER 18, 2010, AND LAST REVISED ON NOVEMBER 11, 2010, OF RECORD IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF AUGUSTA COUNTY, VIRGINIA, WITH DEED OF DEDICATION RECORDED AS INSTRUMENT NO. 10010372 AND IN PLAT BOOK 1, PAGES 7932 AND 7933.

ALSO KNOWN AS: 72 LOFTY CIR, STUARTS DRAFT, VIRGINIA 24477

Date: **MARCH 11, 2022**
Loan Number: ▇▇▇▇▇▇
Lender: **WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST F, BY CARRINGTON MORTGAGE SERVICES, LLC AS SERVICER AND ATTORNEY IN FACT**

Borrower: **CYNTHIA D FORSMAN**

Property Address: **72 LOFTY CIR, STUARTS DRAFT, VIRGINIA 24477**

## NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice.** The undersigned hereby admit to having each received and read a copy of this Notice on or before execution of the Loan Agreement. "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods or any other thing of value or to otherwise extend credit or make a financial accommodation.

_____      _____
Borrower: **CYNTHIA D FORSMAN**                                Date

Date: **MARCH 11, 2022**
Loan Number: ▮
Lender: **WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST F, BY CARRINGTON MORTGAGE SERVICES, LLC AS SERVICER AND ATTORNEY IN FACT**

Borrower: **CYNTHIA D FORSMAN**

Property Address: **72 LOFTY CIR, STUARTS DRAFT, VIRGINIA 24477**

## ERRORS AND OMISSIONS COMPLIANCE AGREEMENT

In consideration of **WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST F, BY CARRINGTON MORTGAGE SERVICES, LLC AS SERVICER AND ATTORNEY IN FACT**

(the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs or any municipal bond authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses, as a result of the Borrower's failure to comply with all such requests within such 30 day time period.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_____    _____
Borrower: **CYNTHIA D FORSMAN**                                Date

Carrington Custom Loan Modification Agreement ▮

Page 8

## INSTRUCTIONS FOR THE NOTARY

These instructions are being provided to ensure that the loss mitigation documents are correctly executed. If any of the following steps are not completed or are completed incorrectly, the documents will be returned to the borrower for correction and/or completion.

Please complete this contact information and return it with the signed documents:

Notary Phone #: 540-946-3200 Ext 3043    Notary Email Address: rarmstrong@mvdccu.com

THE NOTARY SECTIONS MUST INCLUDE:

- The county and state.
- The date and the date must match the date of the borrower's signature.
- The Notary Public's stamp and/or seal. It must be placed on the Borrower Acknowledgment page of each set of documents and *must be legible*, not covering any written text on the document or smudged in any way.
- The commission expiration date.

TIPS TO CORRECTLY EXECUTE:

- All signatures and requested written information must be completed in BLUE or BLACK ink, only.
- No whiteout is ever permitted on any document. If a mistake is made, draw a line through the mistake, initial it and make the correction.
- When applicable, the notary must fill out the borrower's name exactly as it is printed on the borrower signature line.
- When applicable, be careful not to enter the borrower's name on the line that requires the date of execution.
- Borrowers must sign their name within the margins of the body of the document and exactly as printed below the signature line.
- In the state of Georgia, one unofficial witness signature is required. The notary in Georgia cannot sign as a witness.
- In the states of Connecticut, South Carolina, and Louisiana, two witness signatures are required. The notary in Louisiana cannot sign as a witness and must acknowledge both witnesses.
- In the state of Maryland, Prince George's County, the Office of Finance, Treasury Division, Finance Affidavit must be notarized and the applicable, required information must be initialed. All modifications require Section B and B1 be initialed. Section C should be initialed *only* if the property being modified is non-owner occupied.
- If witnesses are required, they can be the same for each borrower.
- The Lender's Acknowledgement page will be completed by Carrington Mortgage Services, LLC upon receipt of the executed documents and *should not* be notarized by the Notary Public.

Sincerely,
Carrington Document Services, LLC

*CDS is a vendor that provides clerical and administrative support to CMS and does not have the given authority to discuss any information regarding your account. CDS is not acting as an agent of the borrower(s) and does not represent CMS in connection with the negotiation or arrangement of the terms of the Loan Modification Document Package.*

# CARRINGTON
## MORTGAGE SERVICES, LLC
NMLS ID #2600

P.O. Box 3010 | Anaheim, CA 92803

Loan Number: ███

Notice Date: 03/14/2022
Carrington Mortgage Services, LLC (CMS)
**Final Loan Documents Coversheet**

**Mortgagor Name(s):**
CYNTHIA D FORSMAN
72 LOFTY CIR
STUARTS DRAFT    VA 24477

**Property Address:**
72 LOFTY CIR
STUARTS DRAFT    VA 24477

Dear Mortgagor(s):

Enclosed please find the final Loan Modification Agreement and/or Subordinate Note/Mortgage (herein referred to as the "Documents") along with a Name Affidavit**. If you are interested in setting up Auto Draft for your new modified mortgage payments, we encourage you to visit our website at www.carringtonmortgage.com/myloan under "Payment Options" for more details on how to set up Auto Draft.

**A Name Affidavit is a document in which a person certifies all the names that have been used by the person. The name affidavit may include maiden name, married name, other names used, and all variations of the names that appear in other documents.*

**IMPORTANT!** The insurer of your loan requires that you execute the enclosed Documents, including the Name Affidavit, in the presence of a notary public. Please note, CMS must receive your fully executed Documents, **bearing original signatures**, by no later than **03/28/2022**. Each borrower must sign exactly as the name appears on the signature line. If there has been a change to your name since the origination of your mortgage loan (e.g. re-married, divorced) you must complete the Name Affidavit and provide supporting documents to evidence such a change. Failure to comply with these requirements may affect your eligibility and delay the process.

*Please be advised that a faxed copy of the Documents does not satisfy the Program requirements and therefore will not be accepted.*

If you have questions regarding the Documents or experience difficulty reviewing the information, please consult a Loss Mitigation Specialist by calling, 1.800.561.4567, Monday - Friday 9:00am to 7:00pm [Eastern Standard Time].

Please mail all Original Signed Documents attention to:

**Carrington Mortgage Services, LLC**
**c/o Loss Mitigation Post Closing Department**
**1600 South Douglass Road, Suites 110 & 200-A**
**Anaheim, CA 92806**

Sincerely,

Carrington Mortgage Services, LLC

# CARRINGTON
## MORTGAGE SERVICES, LLC
NMLS ID #2600

P.O. Box 3010 | Anaheim, CA 92803

Loan Number: ▮

Notice Date: 03/14/2022
Carrington Mortgage Services, LLC (CMS)
**Final Loan Documents Coversheet**

Dear Mortgagor(s):

Carrington Mortgage Services, LLC (CMS) requires that you complete this Name Affidavit if your name has been changed since the origination of your mortgage loan and/or does not match the name as it appears directly below and within the enclosed Documents.

**A Name Affidavit is also referred to as:**
Also Known As Certificate / AKA Statement – To show variations of your name used to execute other documents
Now Known As Certificate / NKA Statement – To show a change in name due to marriage and/or divorce

**CYNTHIA D FORSMAN**

_Cynthia D Forsman_
Signature

THIS IS TO CERTIFY THAT MY/OUR LEGAL SIGNATURE(S) IS/ARE AS WRITTEN AND TYPED BELOW. This signature must <u>exactly match</u> signatures on all Documents.

I, **CYNTHIA D FORSMAN,** certify that I am also known as:

_____  _____
Print Name (Variation)              Sample Signature (Variation)


_____  _____
Print Name (Variation)              Sample Signature (Variation)


STATE OF: Virginia
COUNTY OF: Augusta

Subscribed and sworn to before me this 22nd day of March 2022 by Cynthia D. Forsman personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_Rebecca D. Armstrong_
Notary Public

Commission No: 7693163
Commission Expiration: April 30, 2024

REBECCA D ARMSTRONG
NOTARY PUBLIC
REGISTRATION # 7693163
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES
4-30-2024

DC770_06/02/2021

Page 2 of 2