

**SIGNED THIS 28th day of June, 2022**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

/s/ Rebecca B. Connelly
Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| IN RE:<br>**CYNTHIA DEAVER FORSMAN,**<br>*dba* **CYNTHIA D. FORSMAN,**<br>*fka* **CYNDI M. SEAY,**<br>*fka* **CYNTHIA DEAVER-SEAY,**<br>    Debtor. | **CHAPTER 13**<br>**CASE NO.: 19-50909** |
|---|---|
| **JPMORGAN CHASE BANK, N.A.**<br>    MOVANT,<br>v.<br>**CYNTHIA DEAVER FORSMAN,**<br>*dba* **CYNTHIA D. FORSMAN,**<br>*fka* **CYNDI M. SEAY,**<br>*fka* **CYNTHIA DEAVER-SEAY,**<br>    Debtor,<br>**HERBERT L BESKIN,**<br>    Trustee,<br>    RESPONDENTS. | |

## CONSENT ORDER MODIFYING AUTOMATIC STAY

1

This matter was before the Court on the motion of JPMorgan Chase Bank, N.A. for relief from the automatic stay with respect to certain collateral commonly known as 2016 Subaru WRX (VIN: JF1VA1B68G9822230).

Upon consideration of which, it is

**ORDERED:**

1. The parties hereby agree, and the Court hereby Orders that, the amount of post-petition arrears are determined to be $2,877.30 for the time period of February 13, 2022 through June 13, 2022. Debtors shall cure these arrears via payments to be made on the following dates in the following amounts.

    a. $1,726.48 paid on or about June 2, 2022

    b. $300.00 to be paid on or before June 15, 2022

    c. $600.00 to be paid on or before June 30, 2022

    d. $600.00 to be paid on or before July 15, 2022

    e. $600.00 to be paid on or before July 31, 2022

    If applicable, Debtors shall make all future regular monthly payments beginning July 13, 2022. If the Movant has not previously filed an allowed secured claim, it must do so before the Trustee can pay these post-petition arrears.

2. Debtor(s) shall make all future regular monthly payments by means of an automatic payment to be made from the Debtors' bank or by a separate automatic wage deduction Order to be issued to the Debtors' place of employment. The mortgagee or servicer shall have no responsibility to assist the Debtors in implementing this automatic payment, or in enforcing this obligation of the Debtors.  In the event that the Debtors fails to implement this automatic payment, the Court may require the Debtor to make all future mortgage payments through the Trustee in a modified plan.

3. In the event that any payment required by this Order is not received by the Movant within 15 days after it is due, the Movant may file with the Court and mail a Notice of Default to the Debtor by first class mail, postage prepaid (and, if it desires, also by certified or registered mail) with a copy to Debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the Debtor. The Notice of Default will state in simple and plain language:

    a. That the Debtor is in default in making at least one payment required under this Order;

    b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;

    c. The action necessary to cure the default, including any address to which payments must be mailed;

    d. That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:

        i. cure the default;

        ii. file an objection with the court stating that no default exists; or

        iii. file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;

    e. That if the Debtor or trustee does not take one of the actions set forth in paragraph 3(d), the Movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the Debtor; and

    f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the Debtor or trustee does not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this order and that neither the Debtor nor the trustee have taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the Debtor or trustee files an objection, the Movant must set the matter for hearing and give notice of the hearing to the Debtor, Debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this Order with respect to regular monthly installment payments expire one year after the date of entry of this Order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of entry of this Order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, the Movant may not refuse to accept or apply payments tendered by the Debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the noteholder or servicing agent to send the Debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the Debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the Movant shall be entitled to reasonable attorneys' fees in the amount of $50.00 for issuance of a notice of default, and an additional $100.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

**\*END OF ORDER\***

4

**CERTIFICATION**

  The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is in substantial compliance the Local Bankruptcy Rules, has been endorsed by all parties as required by Local Bankruptcy Rule 9022, and that no material modifications, additions, or deletions have been made.

                 **/s/ BRANDON R. JORDAN**
                 Brandon R. Jordan, Esquire

I ASK FOR THIS:
**/s/ BRANDON R. JORDAN**
Brandon R. Jordan, Esquire
VA Bar No. 72170
Robertson, Anschutz, Schneid & Crane LLC
11900 Parklawn Drive, Suite 310
Rockville, MD 20852
Phone: 470-321-7112, ext. 270
Fax: (240) 238-2767
Email: bjordan@raslg.com
*Attorney for Movant*

SEEN AND AGREED:
**/s/ Roland S. Carlton, Jr.**
Roland S. Carlton, Jr.
Carlton Legal Services, PLC
118 MacTanly Place
Staunton, VA 24401
(540)213-0547
Email: rcarlton@carltonlegalservices.com
*Counsel for the Debtor*

SEEN AND NO OBJECTION:
**/s/ Herbert L. Beskin**
Herbert L. Beskin
Chapter 13 Trusteeship
123 East Main St., Ste. 310
Charlottesville, VA 22902
*Chapter 13 Trustee*

5

**SERVICE LIST**

**Copy to:**
Cynthia Deaver Forsman
72 Lofty Circle
Stuarts Draft, VA 24477

And Via ECF/CM Electronic Notification:

Roland S. Carlton, Jr.
Carlton Legal Services, PLC
118 MacTanly Place
Staunton, VA 24401

Herbert L Beskin
Chapter 13 Trusteeship
123 East Main St., Ste. 310
Charlottesville, VA 22902

U.S. Trustee
Office of the United States Trustee
210 First Street, Suite 505
Roanoke, VA 24011